AVRUMI LUBIN, Defendant, pro se, individually
1460 Arboretum Parkway, Lakewood, NJ 08701
Telephone: 718-570-3796 | josh@tetonfunding.com

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

In re: AVRUMI LUBIN a/k/a Josh Lubin, Debtor.
**Case No. 26-17342 (EJO) | Chapter 11**

BENJAMIN A. STANZIALE, JR., CHAPTER 11 TRUSTEE FOR AVRUMI LUBIN a/k/a Josh Lubin, Plaintiff,
v.
AVRUMI LUBIN; SPIN CAPITAL, LLC; TETON LIFE, LLC; TETON FUNDING, LLC; TETON FUNDING GROUP, LLC; and JL SPECIAL INVESTMENTS, LLC, Defendants.
**Adv. Pro. No. 26-01494 (EJO)**
Hon. Eamonn J. O'Hagan, U.S.B.J.

---

# MOTION FOR LEAVE TO APPEAL
# 28 U.S.C. § 158(a)(3); FED. R. BANKR. P. 8004

To the United States District Court for the District of New Jersey: Avrumi Lubin, acting pro se in his individual capacity only, requests leave to appeal the challenged portions of Dkts. 5 and 21 identified in his accompanying notice. Leave is requested to the extent required, without assuming either order is final or immediately appealable. This motion does not request a stay pending appeal.

## 1. Facts needed to understand the questions

On October 15, 2026, the Bankruptcy Court entered Dkt. 5. In addition to staying litigation against five entities, it directly enjoined Lubin from taking actions in their names, confirmed the Trustee's sole authority in Lubin's stead as to management and litigation decisions, prohibited transfers of entity assets, and directed turnover of books and records. Dkt. 5, pp. 3-4, operative paragraphs (1)-(4).

Lubin filed Dkt. 12 on October 19, 2026, seeking dissolution or modification of the personal restraints and related relief. The Bankruptcy Court heard the matter on October 22. Dkt. 21, p. 3 n.2, records denial of his dissolution request. The relevant oral ruling appears at transcript pp. 61-67, attached with its cover and certification.

Dkt. 21, entered October 23, imposes preliminary relief for Spin Capital, Teton Funding, Teton Funding Group, and JL Special Investments, including commands directed to Lubin personally and the Trustee's sole-authority determination. It expressly preserves Lubin's right to engage representation for himself and the entities in this adversary proceeding. Dkt. 21, p. 5, paragraphs 1-4. As to Teton Life only, Dkt. 21 continues the October 15 restraints by agreement pending further order and schedules a November 10 hearing. Dkt. 21, pp. 4-5, Teton Life paragraphs 1-4.

The Court found a likelihood of success and threatened irreparable harm, referred to the Trustee's investigation and business judgment, and balanced the harms. Dkt. 21, pp. 3-4; transcript pp. 62-64. Lubin disputes the legal sufficiency and scope of the personal commands, not the existence of those findings. The order sets responsive pleadings for November 9 and further preliminary-relief and pretrial proceedings for December 17, 2026. Dkt. 21, p. 6.

**2. Questions presented**

**A.** What legal showing and findings are required to impose direct personal restraints on an individual debtor and confirm a trustee's sole authority in his stead over management and litigation decisions of separate entities on a preliminary basis? In particular, were the legal requirements of 11 U.S.C. §§ 105(a) and 541 and Fed. R. Civ. P. 52(a)(2) and 65, incorporated by Bankruptcy Rules 7052 and 7065, adequately applied to the distinct restraints in paragraphs 2-4, rather than only to a protective stay of litigation against the entities?

**B.** Do the challenged provisions state the permitted and prohibited conduct with the specificity required by Rule 65(d)(1), including the relationship between the sole-authority language and Lubin's preserved right to engage defense representation in this adversary proceeding?

These questions are limited to commands and obligations imposed on Lubin himself. He does not seek to assert claims belonging to an entity or to vacate paragraph 1's litigation and enforcement stay. Any challenge to Dkt. 5 is limited to a continuing, reviewable personal effect; he does not assume that superseded relief remains reviewable.

**3. Why interlocutory review is requested**

**Controlling legal issue.** The line between protecting estate interests and imposing the challenged personal commands affects the conduct required of Lubin throughout the adversary proceeding. Determining the legal showing and required specificity can guide further proceedings without deciding ownership, asset values, or the ultimate extension claim.

**Substantial ground for disagreement.** The specific issue is whether findings supporting protection of estate interests from outside litigation also suffice for the separate sole-authority and personal-control restraints, or whether those restraints require a separately identified basis and findings defining their scope. Section 541 defines estate interests; § 105(a) authorizes orders to carry out the Bankruptcy Code; Rules 52(a)(2) and 65 require supporting findings and specific injunction terms. Lubin submits that the interaction of these requirements warrants review here. The issue is the governing legal standard for distinct forms of relief, not merely disagreement with an adverse result.

**Material advancement.** Review now may clarify the permissible scope of interim personal restraints before the continuation hearing and final-merits scheduling, reduce repeated disputes about who may act and what Lubin may do, and avoid later proceedings built on an erroneous legal premise. The requested review can leave the litigation stay and estate-protective measures otherwise intact. These considerations track 28 U.S.C. § 1292(b) by analogy; jurisdiction is requested under § 158(a)(3), not as an automatic injunction appeal under § 1292(a)(1).

**4. Relief, timing, and attachments**

Lubin requests leave for the limited appeal and, on the merits after briefing, vacatur or narrowing of the challenged personal provisions and remand for appropriate findings and proceedings, without lifting the litigation stay. The notice is submitted on October 29, within 14 days of October 15 and October 23, without relying on tolling or on the pending Rule 8002(d) motion (Dkt. 22). These papers do not stay either order or any deadline. The accompanying appendix contains both orders and the complete October 22 oral ruling excerpt, as required by Rule 8004(b)(1)(E).

Dated: October 29, 2026
Lakewood, New Jersey

______________________________

Avrumi Lubin
Defendant, pro se, individually
1460 Arboretum Parkway, Lakewood, NJ 08701
718-570-3796 | josh@tetonfunding.com

## APPENDIX A - OCTOBER 15 ORDER

Order to Show Cause with Temporary Relief, entered October 15, 2026, Dkt. 5, Adv. Pro. No. 26-01494 (EJO).

The following five pages reproduce the entered order.

Order Filed on October 15, 2026
by Clerk
U.S. Bankruptcy Court
District of New Jersey

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

Caption in Compliance with D.N.J. LBR 9004-1(b)

HELLRING LINDEMAN GOLDSTEIN
& SIEGAL LLP
Patricia A. Staiano, Esq.
Attorneys for Benjamin A. Stanziale, Jr.,
Chapter 11 Trustee
103 Eisenhower Parkway, Suite 403
Roseland, New Jersey 07068-1031
973.621.9020
pstaiano@hlgslaw.com

In Re:

AVRUMI LUBIN a/k/a Josh Lubin,

Debtor.

Case No 26-17342 (EJO)

Judge: Eamonn James O'Hagan, U.S.B.J.

Chapter 11

BENJAMIN A. STANZIALE, JR., CHAPTER 11 TRUSTEE FOR AVRUMI LUBIN a/k/a Josh Lubin,

Plaintiff,

vs.

AVRUMI LUBIN, SPIN CAPITAL, LLC, TETON LIFE, LLC, TETON FUNDING, LLC, TETON FUNDING GROUP, LLC, and JL SPECIAL INVESTMENTS, LLC,

Defendants.

Adv. Pro. No. 26-01494 (EJO)

ORDER TO SHOW CAUSE WITH TEMPORARY RELIEF

The relief set forth on the following pages numbered two (2) through five (5) is hereby ORDERED.

**DATED: October 15, 2026**

Honorable Eamonn J. O'Hagan
United States Bankruptcy Judge

Debtor: AVRUMI LUBIN a/k/a Josh Lubin

Case No.: 26-17342 (EJO)
Adv. Pro. No. 26-01494 (EJO)

ORDER TO SHOW CAUSE WITH TEMPORARY RELIEF

---

THIS MATTER having been presented to the Court by way of Verified Complaint (the "Verified Complaint") to extend the captioned Chapter 11 case to the following entities:

- SPIN CAPITAL, LLC ("Spin");
- TETON LIFE, LLC ("Teton Life");
- TETON FUNDING, LLC ("Teton Funding");
- TETON FUNDING GROUP, LLC ("Teton Funding Group"); and
- JL SPECIAL INVESTMENTS, LLC ("JL")

(collectively, the "Subject Entities" and, together with the Debtor, collectively the "Defendants"), and by Application for an Order to Show Cause and for Temporary Relief (the "Application") filed by Benjamin A. Stanziale, Jr., Chapter 11 Trustee (the "Trustee") for Avrumi Lubin, a/k/a Josh Lubin ("Debtor") through his attorneys, Hellring Lindeman Goldstein & Siegal LLP, requesting that the Court:

(A) schedule a final hearing to consider the requested extension of the Chapter 11 Proceedings to the Subject Entities, and

(B) grant the following preliminary injunctive relief, pending further order of this Court;

(1) to stay any litigation or enforcement of judgments against the Subject Entities;

(2) to enjoin the Debtor, and all persons and entities acting in concert with him, from taking actions in the name of the Subject Entities or collect judgments in favor of the Subject Entities, and to confirm that Trustee has the sole authority to act in the stead of the Debtor as to any management and litigation decisions regarding the Subject Entities;

---

(3) to enjoin Defendants and any person acting in concert with them from transferring or disposing of assets of the Subject Entities; and

(4) to direct Defendants to turn over books and records of the Debtor and the Subject Entities to the Trustee or his professionals whose retention is approved by the Court.

NOW, the Court having considered the pleadings and papers submitted in support of the Order to Show Cause, including the Verified Complaint and the Certification of Benjamin A. Stanziale, Jr., and the supporting memorandum of law, and any opposition thereto, and for good and probable cause shown;

It is now ORDERED as follows:

Defendants and any other parties wishing to be heard shall appear before the undersigned United States Bankruptcy Judge of the United States Bankruptcy Court for the District of New Jersey (the "Court") at the Clarkson S. Fisher U.S. Courthouse, 402 East State Street, Trenton, N.J. 08608, Courtroom #2 (Zoom optional) on October 22, 2026 at 10:00 o'clock and show cause as to:

(A) why this Court should not enter a scheduling order relative to the Plaintiff's request for final judgment extending the Debtor' s Chapter 11 case to the Subject Entities; and

(B) why the prayed for preliminary injunctive relief should not be granted.

And good and probable cause having been shown, pending further order of this Court it is hereby ORDERED that

(1) any litigation or enforcement of judgments against the Subject Entities is hereby STAYED;

---

(2) the Debtor, and all persons and entities acting in concert with him, are ENJOINED from taking actions in the name of the Subject Entities or to collect judgments in favor of the Subject Entities, and it is further CONFIRMED that the Trustee has the sole authority to act in the stead of the Debtor as to any management and litigation decisions regarding the Subject Entities;

(3) Defendants and any person or entity acting in concert with them are ENJOINED from transferring or disposing of assets of the Subject Entities; and

(4) Defendants ARE DIRECTED AND ENJOINED TO turnover of books and records of the Debtor and the Subject Entities to the Trustee or his professionals whose retention is approved by the Court.

A copy of the within Order to Show Cause, Verified Complaint, Application for the Entry of an Order to Show Cause, Certification of Benjamin A. Stanziale, Jr., and Memorandum of Law in support shall be served upon the Debtor, his attorney in this bankruptcy proceeding (if any), and the other Defendants and their registered agents or managing members, by overnight mail and e-mail, where available. Copies of the pleadings shall also be served by e-mail upon Rachel Wolf, A.U.S.T. rachel.wolf@usdoj.gov, counsel for the Office of the United States Trustee, Gavriel Yitzchakov (co-owner of Teton Life) or his counsel, and all creditors or parties in interest that have filed a notice of appearance in this case.

This Order to Show Cause shall constitute original process in this adversary proceeding in lieu of a Summons.

Debtor: AVRUMI LUBIN a/k/a Josh Lubin

Case No.: 26-17342 (EJO)
Adv. Pro. No. 26-01494 (EJO)

ORDER TO SHOW CAUSE WITH TEMPORARY RELIEF

---

Defendants and any persons or entities wishing to oppose the relief sought shall file on the docket of this adversary proceeding and serve papers upon counsel to the Trustee in opposition on or before October 20, 2026 by 5 p.m.

Any reply to such opposition shall be filed on the docket of this adversary proceeding and served by October 21, 2026 by 5 p.m.

On the return date of this Order to Show Cause, the Court shall conduct a hearing, during which it will hear oral argument and consider any and all pleadings and papers filed in support of or in opposition to the Application, and in its discretion, entertain the testimony of witnesses on behalf of the parties, upon the request of any such party.

The Defendants may move for dissolution of the restraints and other interim relief imposed by this Order to Show Cause on two (2) days' written notice to the Trustee and in accordance with Fed.R.Bankr.P. 7065.

## APPENDIX B - OCTOBER 23 ORDER

Order Granting Preliminary Injunction and Providing for Further Proceedings, entered October 23, 2026, Dkt. 21, Adv. Pro. No. 26-01494 (EJO).

The following six pages reproduce the entered order.

Order Filed on October 23, 2026
by Clerk
U.S. Bankruptcy Court
District of New Jersey

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In Re:<br><br>AVRUMI LUBIN A/K/A JOSH LUBIN,<br><br>Debtor. | Case No.: 26-17342-EJO<br>Chapter: 11<br>Judge: Eamonn J. O'Hagan |
| BENJAMIN A. STANZIALE, JR.,<br>AS CHAPTER 11 TRUSTEE,<br><br>Plaintiffs,<br><br>v.<br><br>AVRUMI LUBIN, SPIN CAPITAL, LLC, TETON LIFE, LLC, TETON FUNDING, LLC, TETON FUNDING GROUP, LLC, JL SPECIAL INVESTMENTS, LLC,<br><br>Defendants. | Adv. Pro. No.: 26-01494-EJO |

**ORDER GRANTING PRELIMINARY INJUNCTION AND PROVIDING FOR FURTHER PROCEEDINGS**

The relief set forth on the following pages, numbered two (2) through six (6), is hereby

**ORDERED.**

**DATED: October 23, 2026**

Eamonn O'Hagan
Honorable Eamonn J. O'Hagan
United States Bankruptcy Judge

Upon consideration of this matter presented to the Court by way of Verified Complaint ("the Verified Complaint") [ECF No. 1] to extend the captioned Chapter 11 case to the following entities for which the Debtor owns either a 100% interest, or a 50% controlling interest[1]:

(1) SPIN CAPITAL, LLC ("Spin"),
(2) TETON LIFE, LLC ("Teton Life"),
(3) TETON FUNDING, LLC ("Teton Funding"),
(4) TETON FUNDING GROUP, LLC ("Teton Funding Group"), and,
(5) JL SPECIAL INVESTMENTS, LLC ("JL"),

(Collectively, the "Subject Entities," and collectively with the Debtor, the "Defendants"), filed by Patricia A. Staiano, Esquire, of Hellring Lindeman Goldstein & Segal, LLP, on behalf of Benjamin A. Stanziale, Jr., as Chapter 11 Trustee (the "Trustee") for Debtor, Avrumi Lubin a/k/a Josh Lubin (the "Debtor") together with a Request for the Entry of an Order to Show Cause for Preliminary Restraints [ECF No. 3], as supported by the Certification of Benjamin Stanziale [ECF No. 3-1];

And, the Court having entered an Order to Show Cause and for Temporary Relief [ECF No. 5] on October 15, 2026 (the "Order to Show Cause"), granting preliminary restraints for good cause shown and scheduling an emergent hearing on the Trustee's requests for a preliminary injunction and to schedule a final hearing on the merits of the Verified Complaint for October 22, 2026;

[1] The Debtor owns a 50% interest in Teton Life, LLC with contractual rights to manage the company subject to consultation with the co-owner. All other Subject Entities are 100% owned by the Debtor.

And, the Court having considered the responsive materials filed thereto by the Debtor, acting *pro se* [ECF Nos. 9 - 12][2], and by Patrick T. Krenicky, Esquire, on behalf of Gavriel Yitzchacov, who owns a 50% share of Defendant, Teton Life, LLC [ECF No. 14];

And, the Court having considered the reply, supplemental certification in support, and letter brief filed by Trustee [ECF Nos. 18, 19];

And, the Court having considered the affidavits and arguments of all parties presented on the record within the emergency hearing conducted on October 22, 2026;

And, the Court having made specific factual findings as set forth on the record with respect to the need for preliminary injunctive relief to stay the metaphorical "tidal wave" of litigation pending against the Debtor and the Subject Entities throughout the country to protect the Debtor's estate pending further investigation and administration; including, but not limited to:

A. That the Trustee's preliminary investigation has revealed that there exists ongoing litigation in numerous jurisdictions in various stages, in NJ, NY, Michigan, Texas, Tennessee and Florida, in which the Debtor and/or the subject entities are parties. [Stanziale Reply Cert., ECF No. 18, Para 4.]

B. That the Trustee is given wide latitude and deference in its investigation into the Debtor's estate and the exercise of the Trustee's business judgment to safeguard and/or maximize the Debtor's estate for the benefit of the creditor body. As a part of that investigation, the

[2] The Court also denied the Debtor's two requests for an adjournment of the emergency hearing [ECF Nos. 7, 8] and his request to dissolve restraints communicated within ECF No. 12.

Trustee must decide which entities and actions are valuable to the estate and how to most effectively protect those assets.

C. That the trustee has established a reasonable likelihood of success in extending the automatic stay as to the Subject Entities for the duration of these chapter 11 proceedings by establishing the requisite "unusual circumstances" under McCartney v. Integra Nat'l Bank North, 106 F.3d 506, 510 (3d Cir. 1997).

D. That irreparable harm my result should the litigation impacting the Subject Entities progress without the Trustee's participation and/or yield unfavorable outcomes during this early state of the Trustee's investigation.

E. That irreparable harm is likely to result if the Debtor is permitted control and use those entities to move and/or dispose of assets that are currently beyond the Trustee's reach; and

F. That the overall balance of the harms weighs heavily in favor of the Trustee where the preliminary stay will protect the Debtor's estate and the subject entities from adverse rulings or collection activity during the Trustee's investigation.

It is **HEREBY ORDERED AS TO TETON LIFE, LLC, ONLY** that:

1. The consideration of the Trustee's Verified Complaint and Order to Show Cause as they relate to Teton Life, LLC, are hereby bifurcated from the remaining requests for relief.
2. A further hearing on the Verified Complaint and Order to Show Cause as to Teton Life, LLC, only, is scheduled for November 10, 2026, at 1:00 p.m.

3. Pending further order of the Court, the preliminary restraints set forth in the Order to Show Cause shall continue to apply to Teton Life, LLC, as agreed to on the record by counsel to the Trustee and counsel to Teton Life, LLC.
4. All rights, remedies, and defenses as to Teton Life, LLC, are hereby preserved.

It is **HEREBY FURTHER ORDERED AS TO THE SUBJECT ENTITIES OTHER THAN TETON LIFE, LLC,** that for good cause shown, and pending further order of this Court, the following relief is **GRANTED** as follows:

1. Any litigation or enforcement of judgments against the Subject Entities is **STAYED**;
2. The Debtor, and all persons and entities acting in concert with him, are **ENJOINED** from taking actions in the name of the Subject Entities or to collect judgments in favor of the Subject Entities, and it is further **CONFIRMED** that the Trustee has the sole authority to act in the stead of the Debtor as to any management or litigation decisions regarding the Subject Entities, provided, however, that the Debtor shall retain the right to engage representation for himself and the Subject Entities in the current adversary proceeding.
3. Defendants and any person or entity acting in concert with them are **ENJOINED** from transferring or disposing of assets of the Subject Entities.
4. Defendants are **DIRECTED AND ENJOINED** from refusing to turnover the books and records of the Debtor and the Subject Entities to the Trustee or his professionals whose retention is approved by the Court.

5. The Defendants shall file responsive pleadings to the Complaint and Order to Show Cause no later than November 9, 2026.

6. A further hearing on the continuation of the preliminary injunctive relief granted herein will be conducted on **December 17, 2026, at 2:00 p.m.**

7. A pretrial hearing to consider scheduling of a final hearing on the merits will be conducted on **December 17, 2026, at 2:00 p.m.**

8. The Debtor's oral motion for a stay pending appeal is hereby **DENIED**.

# APPENDIX C - OCTOBER 22 ORAL RULING

Excerpt from the certified transcript of the October 22, 2026 hearing, prepared by J&J; Court Transcribers, Inc.; certification dated October 27, 2026.

Selected original transcript pages: 1 (cover), 61-67 (including the complete oral ruling beginning at page 61, line 19, and its concluding discussion), and 68 (transcriber certification). These nine source pages are reproduced without textual alteration.

This is an excerpt, not the full 68-page transcript. The omitted pages contain earlier proceedings and argument. The complete transcript can be designated or supplied if required. The later written order controls where its dates differ from the oral discussion.

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE:<br><br>AVRUMI LUBIN,<br><br>Debtor. | Case No. 26-17342-EJO<br><br>402 East State Street<br>Trenton, NJ 08608 |
| FVP INVESTMENTS, LLC, et al.,<br>Plaintiffs,<br>v.<br><br>AVRUMI LUBIN,<br><br>Defendant. | Adv. No. 26-01315-EJO |
| BENJAMIN A. STANZIALE, JR.,<br>Plaintiff,<br>v.<br><br>AVRUMI LUBIN, et al.,<br><br>Defendants. | Adv. No. 26-01494-EJO<br><br>October 22, 2026<br>10:16 a.m. |

TRANSCRIPT OF PRETRIAL CONFERENCE
AND MOTION TO SHOW CAUSE
BEFORE HONORABLE EAMONN JAMES O'HAGAN
UNITED STATES BANKRUPTCY COURT JUDGE

TELEPHONIC APPEARANCES:

For the Debtor: Pro Se
By: AVRUMI "JOSH" LUBIN
1460 Arboretum Parkway
Lakewood, NJ 08701

Audio Operator: Michelle Fogleman

Proceedings recorded by electronic sound recording, transcript produced by transcription service.

---

**J&J COURT TRANSCRIBERS, INC.**
**268 Evergreen Avenue**
**Hamilton, New Jersey 08619**
**E-mail: jjcourt@jjcourt.com**

**(609) 586-2311 Fax No. (609) 587-3599**

going to be entered today is preliminary.

It is not being entered on a final basis. And if you wish to retain counsel to defend your interests, including your individual capacity as an owner of business entities, you can do that. That doesn't mean that that means you then can still have control over those entities, over those interests which are property of their bankruptcy estate. And that's all that I'm going to say on that.

MR. LUBIN: Right. Okay.

So preliminary means until the case is over, or what does that mean?

THE COURT: No, I'm going to issue my ruling, Mr. Lubin, and that's going to indicate what we're doing, okay.

MR. LUBIN: I'm just trying to --

THE COURT: Other than Mr. Lubin, are there any parties that wish to be heard on any of this before the Court rules?

(No audible response)

THE COURT: Okay. This is an order to show cause filed by the Chapter 11 Trustee on October 15, 2026, seeking to extend the automatic stay and the proceedings to the following entities, which I will refer to as the subject entities, Spin Capital, LLC, which I'll refer to as Spin; Teton Funding, LLC, which I'll refer to as Teton Funding; Teton Funding Group, LLC, which I'll refer to as Teton Funding Group; and JL Special

Investments, LLC, which I will refer to as JL.

I note at the outset that the Third Circuit's ruling in McCartney vs. Integra National Bank North, 106 F.3d 506 (3d Cir. 1997), recognizes that the unusual circumstances that have justified applying the automatic stay to non-debtors is not limited to situations where a judgment against a non-debtor is effectively against the debtor. The Third Circuit expressly recognized that unusual circumstances have also been found where "stay protection is essential for the debtor's efforts of reorganization."

Based on the pleadings, the certifications, as well as the arguments of counsel on the record, the automatic stay of creditors is hereby extended to the subject entities, Spin, Teton, Teton Funding, and Teton Funding Group, and JL, on a preliminary basis pending further proceedings. In granting a preliminary injunction to the Trustee, the Court makes the following findings as to the elements present weighing in favor of such injunction under Rule 65, made applicable to this case through Bankruptcy Rule 7065.

I find that the debtor's affairs have been assumed by the appointed Chapter 11 Trustee by virtue of the order entered September 28, 2026, that the Trustee's preliminary investigation has revealed that the debtor is either a 100 percent owner of the subject entities, that the debtor's interest/equity in said companies is property of the Bankruptcy

Estate, that the Trustee's preliminary investigation has revealed that there exists ongoing litigation in numerous jurisdictions in various stages in New Jersey, New York, Michigan, Texas, Tennessee, and Florida, in which the debtor and/or the subject entities are parties.

I find that the Trustee has given wide latitude and deference in its investigation into the debtor's estate and the exercise of the Trustee's business judgment to safeguard and/or maximize the debtor's estate for the benefit of the creditor body. As a part of that investigation, the Trustee must decide which entities and actions are valuable to the estate and how to most effectively protect those assets.

That the Trustee has established a reasonable likelihood of success in extending the automatic stay as to the subject entities for the duration of these Chapter 11 proceedings, that irreparable harm may result should the litigation impacting the subject entities progress without the Trustee's participation and/or yield unfavorable outcomes during the early stages of the Trustee's investigation, that the Court in Florida has already found that Spin Capital and Teton Funding were under the complete dominion and control of the debtor who used the corporate forum to shield assets from creditors. And for that, I'm citing the Stanziale Certification at ECF Docket Number 3-1, Paragraph 6, citing the charging order attached as Exhibit A.

I find that irreparable harm is likely to result if the debtor is permitted to control and use those entities and to move and/or dispose of assets that are currently beyond the Trustee's reach.

MR. LUBIN: Your Honor, the Court never ruled that.

THE COURT: I conclude that the overall balance of --

Could you please mute Mr. Lubin's line?

I conclude that the overall balance of the harms weighs heavily in favor of the Trustee where the preliminary stay will protect the debtor's estate and that the subject entities from adverse rulings or collection activity during the Trustee's investigation.

So with those findings, the Court holds that the following relief is granted.

Any litigation or enforcement of judgments against the subject entities is hereby stayed on a temporary basis. The debtor and all persons and entities acting in concert with him are enjoined from taking actions in the name of the subject entities or to collect judgments in favor of the subject entities. And it is further confirmed that the Trustee has the sole authority to act in the stead of the debtor as to any management and litigation decisions regarding the subject entities.

The defendants and any person or entity acting in concert with them are enjoined from transferring or disposing

of assets of the subject entities and the defendants are directed and enjoined from refusing to turn over books and records of the debtor and the subject entities to the Trustee or his professionals whose retention is approved by the Court.

With respect to all the foregoing relief, the subject entities are specifically defined to not include Teton Life. With respect to Teton Life, the temporary relief in the order to show cause is extended through November 10th, where the order to show cause will be adjourned with respect to all matters involving Teton Life, all of whom's rights are expressly reserved.

The Court is also ordering, with respect to the subject entities, including Mr. Lubin, the date to file a responsive pleading shall be fixed at 14 days from entry of the Court's order deciding this matter and that a pretrial conference will be conducted on December 3rd at 10:00 a.m., at which time, the Court will hear from the parties as to a scheduling order for a trial on the complaint. December 3rd will also be a further hearing on the preliminary stay, an injunction that has been imposed on a preliminary basis now.

That is the ruling of the Court.

Ms. Staiano, do you have any questions about that?

MS. STAIANO: No, Your Honor. Thank you.

THE COURT: Okay.

Mr. Lubin, I am going to allow your line to be

unmuted to answer any specific questions that you have. You now need to manually unmute yourself.

MR. LUBIN: May the Court stay this order pending appeal on the injunction?

THE COURT: The debtor has orally moved for a stay pending appeal and that request is denied.

MR. STANZIALE: Judge, if I may, and I don't want to interrupt. I'm not so sure if I'm going to be needed on the 3rd, but I'll be away. So perhaps we could pick another date in December?

THE COURT: I mean, the 10th would be the next available date that we have.

MR. STANZIALE: I'll be away until the 14th, I believe, yeah.

MS. STAIANO: Your Honor, do you want to make it on the 17th, which is the date Your Honor scheduled for the status conference?

THE COURT: Yeah, we can do that.

Ms. Pattison, what do you want to do in terms of the order to be entered?

THE CLERK: Your Honor, we'll do the order.

THE COURT: Okay. So, Ms. Staiano, the Court will enter a form of order consistent with the ruling that the Court has announced.

MS. STAIANO: Thank you, Your Honor.

THE COURT: Mr. Lubin, do you have another question?

MR. LUBIN: Yeah, can you put the denial for the stay in the order?

THE COURT: You've made a motion orally. You haven't made a motion by paper. You made your motion orally, I ruled orally, so there's not any like docket entry to respond. I mean, if you want to put in the order that the debtor has requested a stay pending appeal orally and that request was denied --

MR. LUBIN: And it's denied. Yeah.

THE COURT: -- then, yes, we can put that in the order for you, Mr. Lubin.

MR. LUBIN: I appreciate that.

Thank you, Your Honor.

THE COURT: Okay.

I think that concludes all the issues we have on Lubin.

So with respect to Number 16 on the Court's calendar, the Court's minutes will reflect that preliminary relief has been granted in part and that the order to show cause is adjourned to November 10th at one o'clock p.m. with respect to Teton Life, LLC.

Okay. That concludes the Lubin matter.

(Proceedings conclude at 12:00 p.m.)

* * * * *

**C E R T I F I C A T I O N**

I, KAREN K. WATSON, court approved transcriber, certify that the foregoing is a correct transcript from the official electronic sound recording of the proceedings in the above-entitled matter, and to the best of my ability.

/s/ Karen K. Watson
KAREN K. WATSON, AAERT CET

J&J COURT TRANSCRIBERS, INC. DATE: October 27, 2026

AVRUMI LUBIN, Defendant, pro se, individually
1460 Arboretum Parkway, Lakewood, NJ 08701
Telephone: 718-570-3796 | josh@tetonfunding.com

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

In re: AVRUMI LUBIN a/k/a Josh Lubin, Debtor.
**Case No. 26-17342 (EJO) | Chapter 11**

BENJAMIN A. STANZIALE, JR., CHAPTER 11 TRUSTEE FOR AVRUMI LUBIN a/k/a Josh Lubin, Plaintiff,
v.
AVRUMI LUBIN; SPIN CAPITAL, LLC; TETON LIFE, LLC; TETON FUNDING, LLC; TETON FUNDING GROUP, LLC; and JL SPECIAL INVESTMENTS, LLC, Defendants.
**Adv. Pro. No. 26-01494 (EJO)**
Hon. Eamonn J. O'Hagan, U.S.B.J.

---

# CERTIFICATION OF SERVICE

I, Avrumi Lubin, certify that on October 29, 2026, I served true copies of (A) my Notice of Appeal and Statement of Election; (B) my Motion for Leave to Appeal; and (C) the accompanying appendix containing the October 15 and October 23 orders and the October 22 oral ruling excerpt, by depositing them in the United States mail, first-class postage prepaid, in separate envelopes addressed to each of the nine recipients listed below and on the following page. Service was by mail only.

**1. Counsel to the Plaintiff Trustee**
Patricia A. Staiano, Esq.; Matthew E. Moloshok, Esq.
Hellring Lindeman Goldstein & Siegal LLP
103 Eisenhower Parkway, Suite 403
Roseland, NJ 07068

**2. Plaintiff Trustee**
Benjamin A. Stanziale, Jr., Chapter 11 Trustee
2839 Route 10, Suite 102
Morris Plains, NJ 07950

**3. Office of the United States Trustee**
Attn: Rachel Wolf
One Newark Center, 1085 Raymond Boulevard, Suite 2100
Newark, NJ 07102

**4. Counsel to Gavriel Yitzchakov a/k/a Gabe Isaacov**
Jeffrey S. Cianciulli, Esq.; Patrick T. Krenicky, Esq.
Weir LLP
1300 Route 73 S., Suite 314
Mount Laurel, NJ 08054

**5. Spin Capital, LLC**
c/o Harvard Business Services, Inc., Registered Agent
16192 Coastal Highway, Lewes, DE 19958

**6. Teton Life, LLC**
c/o Vcorp Services, LLC, Registered Agent
108 W. 13th Street, Suite 100, Wilmington, DE 19801

**7. Teton Funding, LLC**
c/o Vcorp Services, LLC, Registered Agent
108 W. 13th Street, Suite 100, Wilmington, DE 19801

**8. Teton Funding Group, LLC**
c/o Vcorp Services, LLC, Registered Agent
108 W. 13th Street, Suite 100, Wilmington, DE 19801

**9. JL Special Investments, LLC**
c/o Vcorp Services, LLC, Registered Agent
108 W. 13th Street, Suite 100, Wilmington, DE 19801

The entity recipients are served separately through their registered agents. This certification does not constitute representation of any entity. Weir LLP is served as counsel to Mr. Yitzchakov, not as counsel to Teton Life, LLC.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. 28 U.S.C. § 1746.

Dated: October 29, 2026
Lakewood, New Jersey

______________________________________

Avrumi Lubin
Defendant, pro se, individually
1460 Arboretum Parkway, Lakewood, NJ 08701
718-570-3796 | josh@tetonfunding.com