# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| Caption in compliance with D.N.J. LBR 9004-1(b)<br>**Avrumi Lubin, individually, pro se**<br>605 West 42nd Street<br>New York, New York 10036<br>(718) 570-3796<br>josh@tetonfunding.com | **Case No. 26-17342 (EJO)**<br>Chapter 11<br>**Adv. Pro. No. 26-01494 (EJO)**<br><br>Related District Court appeal:<br>3:26-cv-14172-GC |

In re: AVRUMI LUBIN a/k/a Josh Lubin, Debtor.

BENJAMIN A. STANZIALE, JR., CHAPTER 11 TRUSTEE FOR AVRUMI LUBIN a/k/a JOSH LUBIN, Plaintiff,
**v.**
AVRUMI LUBIN; SPIN CAPITAL, LLC; TETON LIFE, LLC; TETON FUNDING, LLC; TETON FUNDING GROUP, LLC; and JL SPECIAL INVESTMENTS, LLC, Defendants.

## APPELLANT'S DESIGNATION OF RECORD AND STATEMENT OF ISSUES

Fed. R. Bankr. P. 8009; D.N.J. L. Civ. R. 601.3

Avrumi Lubin, individually only, designates the following record and states the issues for his appeal from the October 15, 2026 order (ECF No. 5) and October 23, 2026 order (ECF No. 21), within the scope of his October 29 notice of appeal (ECF No. 24) and motion for leave (ECF No. 26). No company or other person joins this designation or appeal.

The challenged provisions are the operative paragraphs 2-4 of ECF No. 5; the operative paragraphs 2-4 of ECF No. 21 concerning the non-Teton Life entities; the related denial of dissolution or modification (ECF No. 21, page 3, footnote 2); and the continuing personal effect of ECF No. 5 through ECF No. 21, page 5, paragraph 3 concerning Teton Life, to the extent reviewable. The sole-authority provision is challenged insofar as it directly binds Lubin.

The appeal does not seek to lift paragraph 1's protection against litigation or enforcement against the entities or to appeal the Trustee's appointment.

This designation is submitted protectively for the November 12, 2026 date listed on the bankruptcy docket, without conceding that appellate timing has begun under Rules 8002(b) and 8009(a)(1)(B), that leave to appeal has been granted, or that this filing expands the orders appealed. It requests no stay or new substantive relief.

## I. DESIGNATION OF RECORD

All ECF references are to Adv. Pro. No. 26-01494 (EJO), not the main bankruptcy case. Each listed filing is designated in full, including the identified attachments. The operative record is the filed version.

| Adversary ECF | Date filed / item designated |
|---|---|
| 1 and 4 | October 15, 2026. Verified Complaint and separately filed verification. |
| 3; 3-1 through 3-9 | October 15, 2026. Application for Order to Show Cause; Trustee certification; Exhibits A-F; memorandum of law; proposed order. Entire filing. Exhibit A (ECF No. 3-2) includes the May 15, 2026 Florida order. |
| 5 and 5-1 | October 15, 2026. Order to Show Cause With Temporary Relief and notice of entry. |
| 6 | October 16, 2026. Certificate of service of the initiating papers and temporary-relief order. |
| 7 and 8 | October 19, 2026. Denial of adjournment request and Lubin's adjournment request (ECF No. 8 entered October 20). |
| 9 and 10 | October 19, 2026; entered October 20. Lubin's request for limited Trustee testimony or alternative procedure; supplemental request for an independent entity-defense counsel process and alternative paragraph 2. |
| 11 | October 20, 2026. Index of motion papers. |
| 12; 12-1 through 12-14 | October 19, 2026; entered October 20. Individual objection and motion to modify or dissolve restraints; memorandum; certification; Exhibits A-J; proposed order; certificate of service. Entire filing, including the Florida transcript excerpts, verdict forms and other exhibits as actually filed. |

## I. DESIGNATION OF RECORD (continued)

| Adversary ECF | Date filed / item designated |
|---|---|
| 13 | October 20, 2026. Trustee counsel's letter opposing the second adjournment request. |
| 14; 14-1 and 14-2 | October 20, 2026. Gavriel Yitzchakov's opposition, proposed order and certificate of service. |
| 15 | October 20, 2026; entered October 21. Amended certificate of service. |
| 16 and 17; 16-1 and 17-1 | October 21, 2026. Notices of appearance for Gavriel Yitzchakov and accompanying service certificates. |
| 18 and 19 | October 21, 2026. Trustee's supplemental certification/response and letter memorandum replying to the opposition. |
| 20 | October 22, 2026. Certificate of service of the Trustee's reply papers. |
| Hearing minute (unnumbered) | October 22, 2026; entered October 23. Minute of the hearing on the Order to Show Cause. |
| 21 and 21-1 | October 23, 2026. Order Granting Preliminary Injunction and Providing for Further Proceedings and notice of entry. |
| 23 | October 29, 2026. Entire October 22 hearing transcript (68 pages), including all arguments, colloquy, oral findings and ruling. The hearing preceded the October 23 order; the transcript was later filed. |

## II. STATEMENT OF ISSUES

These issues concern the challenged personal provisions identified in ECF Nos. 24 and 26. They do not assert claims for any entity or seek direct appellate review of a Florida order.

**1. Legal basis, findings and breadth of the personal restraints.**

Whether the Bankruptcy Court applied the correct legal standards and made sufficient findings under 11 U.S.C. sections 105(a) and 541, Bankruptcy Rules 7052 and 7065, and Civil Rules 52(a)(2) and 65 to impose the challenged personal restraints and obligations, including limits on entity action and asset transfers, turnover of books and records, and the Trustee's sole authority in Lubin's stead over entity management and litigation decisions; whether that relief was adequately justified separately from protecting the entities against outside litigation; and whether the Court adequately distinguished estate ownership interests, separate entity property and disputed third-party rights.

**2. Reliance on the May 15 Florida order; disputed alter-ego effect.**

Whether the Bankruptcy Court erred insofar as it relied on the May 15, 2026 Broward order or the Trustee's characterization of it in ECF No. 3-1, paragraph 6, to support the challenged restraints and authority provision without adequately addressing what the Florida court actually decided, the scope and any preclusive effect of that ruling, and the contrary Florida transcript excerpts and jury findings Lubin placed before it. Lubin specifically disputes treating that order as an adjudicated alter-ego or veil-piercing finding against him or a determination that the entities' assets and claims are his personal property. This issue concerns use of the Florida record in the appealed New Jersey orders, not direct review or vacatur of the Florida order.

**3. Specificity and defense representation.**

Whether the challenged provisions satisfy Civil Rule 65(d)(1), including whether the sole-authority language and personal restraints sufficiently define their relationship to Lubin's expressly preserved ability to engage defense counsel for himself and the entities in this adversary proceeding, without treating a temporary governance restriction as a final adjudication of disputed ownership or assignment rights.

**4. Notice and opportunity to contest the material factual basis.**

Whether issuance and continuation of the challenged personal restraints complied with the notice and opportunity-to-be-heard requirements of Civil Rule 65(a) and (b), to the extent applicable; whether Lubin had a sufficient opportunity to contest their factual predicates in light of his requests for limited Trustee testimony, alternative evidentiary procedures and time for counsel; and whether the Court adequately resolved material disputes necessary to that relief. Lubin does not contend that no October 22 hearing occurred.

## III. APPELLATE PAPERS AND SCOPE OF RECORD

The record should also contain the clerk's docket entries, the notice of appeal (ECF No. 24), the motion for leave with its appendices and certificate of service (ECF No. 26 and 26-1 through 26-4), any order granting leave, and the other items required by Rule 8009(a)(4). The complete October 22 oral ruling is included in ECF No. 23.

For appellate timing and procedural posture only, Lubin also designates ECF No. 22 and its attachments (the October 27 motion to extend the notice-of-appeal deadline) and ECF No. 25 and its attachments (the October 29 motion invoking Rules 9023 and 7052 and alternatively Rule 7065). These later filings are not offered as new evidence supporting or undermining the merits of an October decision already made.

This designation does not enlarge the October merits record with the November 5 or November 9 submissions or with statements or evidence from the November 10 hearing. Any supplemental record, or review of a later order, must be addressed through the applicable procedure. It does not amend the notice of appeal or obtain interlocutory leave.

Lubin seeks narrowing or vacatur of the challenged personal provisions and appropriate remand, without lifting the separate litigation-protection provision. Identification of an order or document does not concede the validity, accuracy, scope or preclusive effect that Lubin disputes.

## IV. TRANSCRIPT CERTIFICATE

Under Rule 8009(b)(1), Appellant certifies that he is not ordering an additional transcript for this designation. He designates the entire October 22, 2026 hearing transcript, already filed as ECF No. 23. No duplicate transcription is requested. This certificate concerns the October orders identified in the existing notice, not any separate transcript request concerning the November 10 hearing.

Dated: November 11, 2026

________________________________

Avrumi Lubin, individually, pro se
605 West 42nd Street, New York, NY 10036
(718) 570-3796 | josh@tetonfunding.com

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEW JERSEY

In re: Avrumi Lubin a/k/a Josh Lubin
Case No. 26-17342 (EJO)

Benjamin A. Stanziale, Jr., Chapter 11 Trustee, Plaintiff,
v. Avrumi Lubin, et al., Defendants.
Adv. Pro. No. 26-01494 (EJO)
Related appeal: 3:26-cv-14172-GC

## CERTIFICATE OF SERVICE

I certify that on November 11, 2026, I served a true copy of Appellant's Designation of Record and Statement of Issues, including its transcript certificate (5 pages), by depositing it in the United States mail, first-class postage prepaid, in envelopes addressed to the following recipients. A copy may be enclosed with other papers mailed to the same recipient:

**Patricia A. Staiano, Esq.**
**Matthew E. Moloshok, Esq.**
Hellring Lindeman Goldstein & Siegal LLP
103 Eisenhower Parkway, Suite 403
Roseland, NJ 07068
*Counsel for Appellee Benjamin A. Stanziale, Jr., Chapter 11 Trustee*

**Jeffrey S. Cianciulli, Esq.**
**Patrick T. Krenicky, Esq.**
Weir LLP
1300 Route 73 S., Suite 314
Mount Laurel, NJ 08054
*Counsel for Interested Party Gavriel Yitzchakov (Adv. ECF Nos. 16 and 17) (notice copy)*

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on November 11, 2026.

________________________________

Avrumi Lubin, individually, pro se
605 West 42nd Street, New York, NY 10036
(718) 570-3796 | josh@tetonfunding.com