Avrumi Lubin, Appellant, *pro se* (individually only)
605 West 42nd Street, New York, New York 10036
Telephone: 718-570-3796 | josh@tetonfunding.com

CLERK
U.S. DISTRICT COURT
DISTRICT OF NEW JERSEY
RECEIVED

2026 NOV 13 P 3: 16

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re:<br>AVRUMI LUBIN a/k/a Josh Lubin,<br>Debtor.<br><br>AVRUMI LUBIN,<br>Appellant,<br>v.<br>BENJAMIN A. STANZIALE, JR., Chapter 11 Trustee for Avrumi Lubin,<br>Appellee. | Civil Action No.<br>3:26-cv-14172-GC<br><br>Hon. Georgette Castner, U.S.D.J.<br><br>On appeal from the United States Bankruptcy Court for the District of New Jersey, Case No. 26-17342 (EJO), Adv. Pro. No. 26-01494 (EJO) |

## APPELLANT'S REPLY IN SUPPORT OF HIS MOTION FOR LEAVE TO APPEAL, WITH A REQUEST THAT THE MOTION BE HELD WHILE ANY REMAINING REQUESTS IN BANKR. ADV. ECF 25 ARE DECIDED

## PRELIMINARY STATEMENT

Appellant Avrumi Lubin, appearing *pro se* for himself only, replies to the Response of the Chapter 11 Trustee (ECF 4) ("Resp."). This reply addresses only matters that the Response raises. Fed. R. Bankr. P. 8013(a)(3)(B).

The Response's main point is that the Bankruptcy Court may still revise its October 23, 2026 order (Bankr. Adv. ECF 21) before any appeal is heard, including on Appellant's own motion to alter or amend that order (Bankr. Adv. ECF 25), which the Response says is returnable on December 3, 2026. Resp. at 3–4. Appellant agrees that the Bankruptcy Court should first rule on any part of that

motion that remains pending. That is a reason to hold the motion for leave, not to deny it.

**1. The motion for leave should be held while any remaining requests in ECF 25 are decided.**

On October 29, 2026, within fourteen days after the October 23 order was entered, Appellant filed his notice of appeal and his motion for leave (Bankr. Adv. ECF 24, 26). The same day, he filed a motion to alter or amend the October 23 order under Bankruptcy Rules 9023 and 7052 (Bankr. Adv. ECF 25). The Response acknowledges that motion. Resp. at 4.

When a party timely files a motion "to amend or make additional findings under Rule 7052" or "to alter or amend the judgment under Rule 9023," the time to appeal runs from the order disposing of that motion. Fed. R. Bankr. P. 8002(b)(1). A notice of appeal filed before the motion is decided "becomes effective when the order disposing of the last such remaining motion is entered." Fed. R. Bankr. P. 8002(b)(2). If the ruling on the motion changes the order, an amended notice of appeal may be filed, and no additional fee is required. Fed. R. Bankr. P. 8002(b)(3)–(4).

On November 12, 2026, the Bankruptcy Court entered an order granting a preliminary injunction as to Teton Life, LLC (Bankr. Adv. ECF 48). That order lists ECF 25 among the materials the court considered, and it provides that Appellant retains the right to engage representation for himself and Teton Life in the adversary proceeding. Bankr. Adv. ECF 48 at 2, 4–5 ¶ 2. Appellant therefore does not assume that every request in ECF 25 remains undecided. To the extent timely

requests covered by Rule 8002(b) remain pending, Appellant asks the Court to defer ruling on the motion for leave until they are decided. Alternatively, Appellant asks for a brief hold while the status of those requests is clarified. This Court may manage its docket in that way. *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). If the Court prefers that this request be made by separate motion, Appellant will file one promptly.

Appellant proposes to file a status statement of no more than three pages within fourteen days after the December 3, 2026 hearing, or after any earlier order disposing of the remaining requests in ECF 25, or at such other time as the Court directs. The statement would say whether Appellant will proceed with the appeal, narrow it, or withdraw it. That answers the Trustee's concern about premature review, Resp. at 3–4, without giving up the review Appellant timely sought.

**2. The motion presents a legal question that the Response does not answer.**

The Response treats the motion as asking whether the Trustee, rather than the Debtor, controls estate assets. Resp. at 2–3. That is not the question presented. The question is what findings, and what specificity, are required before a bankruptcy court may (a) impose separate, direct commands on an individual debtor and (b) confirm a trustee's "sole authority" over the management and litigation decisions of separate entities, beyond the findings that support a stay of litigation against those entities. Mot. (ECF 1-3) at 2 (Questions A and B).

Two rules frame that question. "In granting or refusing an interlocutory injunction, the court must similarly state the findings and conclusions that support

its action." Fed. R. Civ. P. 52(a)(2) (applicable under Fed. R. Bankr. P. 7052). Every order granting an injunction must "state the reasons why it issued," "state its terms specifically," and "describe in reasonable detail" the "act or acts restrained or required." Fed. R. Civ. P. 65(d)(1)(A)–(C) (applicable under Fed. R. Bankr. P. 7065). The Response calls these "alleged procedural requirements," Resp. at 2, but does not address them.

The Response's own footnote 3 illustrates the point. It states that the transcript "apparently is missing language" that appears at page 2 of the written order concerning the Debtor's interest in one of the five entities. Resp. at 3 n.3. Appellant does not contend that written findings must repeat the oral ruling word for word. Findings may be stated on the record or in a written decision. Fed. R. Civ. P. 52(a)(1)–(2). The issue is whether the findings actually made, read with the record and the governing law, support the challenged relief. Footnote 3 bears on that issue.

The Response also states that "the subject entities were owned by the Debtor, and thus are part of the Debtor's estate." Resp. at 3. Section 541(a)(1), which the Response quotes, reaches "all legal or equitable interests of the debtor in property." 11 U.S.C. § 541(a)(1). The five entities are separate limited liability companies, and none of them is a debtor. The question here is not whether the estate includes the Debtor's interests in them. It is whether those interests, standing alone, support the separate personal commands and the "sole authority" provision without separate findings. The Response cites no authority on that question.

**3. Leave may not be required.**

Appellant requested leave out of caution and stated that he was not relying on 28 U.S.C. § 1292(a)(1). Mot. (ECF 1-3) at 3. The Court nonetheless determines its own jurisdiction. Bankruptcy appeals are taken "in the same manner as appeals in civil proceedings generally are taken to the courts of appeals from the district courts," 28 U.S.C. § 158(c)(2), and § 1292(a)(1) permits appeals from interlocutory orders granting injunctions. The Third Circuit has recognized district-court jurisdiction on that basis over appeals from bankruptcy court orders granting injunctive relief. *In re World Imports Ltd.*, 820 F.3d 576, 582 n.5 (3d Cir. 2016) ("Pursuant to 28 U.S.C. §§ 158(a) and 1292(a), the District Court had jurisdiction over the appeal from the Bankruptcy Court's order granting injunctive relief."); *In re Prof'l Ins. Mgmt.*, 285 F.3d 268, 282 n.16 (3d Cir. 2002) (agreeing that the district court "was authorized to hear the appeal from the Bankruptcy Court as an appealable injunctive order under 28 U.S.C. § 1292(a)"). District courts in this Circuit have applied the same rule to preliminary injunctions, including one that barred litigation in another court. *In re Reliance Acceptance Grp., Inc.*, 235 B.R. 548, 553 (D. Del. 1999); *In re BYJU's Alpha, Inc.*, C.A. No. 24-358 (MN), slip op. at 10–12 (D. Del. July 18, 2024); *see also Prof'l Ins. Mgmt. v. Ohio Cas. Grp. of Ins. Cos.*, 246 B.R. 47, 59 (D.N.J. 2000) ("An injunction, whether permanent or preliminary, is appealable."), *vacated and remanded on other grounds*, 285 F.3d 268 (3d Cir. 2002).

Courts are not unanimous. *BYJU's Alpha* acknowledged that "courts are split on the issue." Slip op. at 11. One court in this Circuit held that a preliminary

injunction "may only be appealed with leave of court." *In re Alcor Energy, LLC*, Civ. No. 19-597-RGA, slip op. at 8 (D. Del. Dec. 10, 2019) (mem. order). There, the appellants made no argument for leave, and the court held that any such argument was waived. *Id.* at 6, 8. Here, Appellant sought leave in the alternative. The Response does not address this question. If leave is not required, the § 1292(b) factors on which the Response relies do not control. If leave is required, Appellant relies on his motion and on Point 2. Either way, holding the motion remains appropriate.

**4. The October 15 order and the November 12 order.**

Consistent with his motion, Appellant does not assume that the October 15 order's superseded relief remains independently reviewable. Mot. (ECF 1-3) at 2; *see* Resp. at 1 n.1. Appellant notes the November 12 order (Bankr. Adv. ECF 48) only so that the record before this Court is current. This motion does not ask the Court to review that order.

**5. Appellant's purpose.**

The Response says that Appellant has wasted the time of the parties and the Court. Resp. at 4. Appellant filed within the fourteen-day period to preserve review of commands directed to him personally. In this appeal, he has not asked this Court for a stay pending appeal, expedited treatment, or oral argument, and his motion leaves in place the stay of litigation that protects the entities. Mot. (ECF 1-3) at 2–3. The hold he requests would not suspend the October 23 order; that order would remain in effect while the motion is held.

## CONCLUSION

Appellant respectfully asks the Court to:

1. hold the motion for leave while any timely requests in Bankr. Adv. ECF 25 that remain pending are decided, with Appellant to file a status statement of no more than three pages within fourteen days after the December 3, 2026 hearing or any earlier order disposing of those requests, or as the Court directs; or, in the alternative,
2. treat the appeal as one of right, or grant leave; and
3. if the Court denies leave, deny it without prejudice to any otherwise-timely appeal from the order resolving ECF 25 or from any later order.

**CERTIFICATE OF COMPLIANCE** (Fed. R. Bankr. P. 8013(f)(3) and 8015(h)). This reply contains 1,618 words, excluding the caption, signature block and certificates. I relied on the word count of the program used to prepare it.

**STATEMENT ON GENERATIVE AI.** I used generative artificial intelligence tools to help prepare this reply. Each case, statute and rule cited in it was checked against its source.

Dated: November 13, 2026

Respectfully submitted,

Avrumi Lubin
Appellant, *pro se* (individually only)
605 West 42nd Street
New York, New York 10036
718-570-3796
josh@tetonfunding.com

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

*In re Avrumi Lubin*; *Lubin v. Stanziale*, Civil Action No. 3:26-cv-14172-GC

## CERTIFICATE OF SERVICE

I, Avrumi Lubin, certify that on November 13, 2026, I served a copy of (1) Appellant's Reply in Support of His Motion for Leave to Appeal, and (2) Appellant's Notice of Change of Address, by first-class United States mail, postage prepaid, addressed to:

Patricia A. Staiano, Esq.
Matthew E. Moloshok, Esq.
Hellring Lindeman Goldstein & Siegal LLP
103 Eisenhower Parkway, Suite 403
Roseland, New Jersey 07068
*Counsel for Appellee Benjamin A. Stanziale, Jr., Chapter 11 Trustee*

I declare under penalty of perjury that the foregoing is true and correct.

Executed on November 13, 2026

Avrumi Lubin
Appellant, *pro se*